STATE of Missouri ex rel. Elbert MOORE and Alice Moore, Plaintiffs-Appellants,

v.

Frederick WEATHERS and Maryland Casualty Company, Defendants-Respondents.

No. 32039.

St. Louis Court of Appeals.

Missouri.

Nov. 16, 1965.

Ackerman, Schiller & Schwartz, Theodore F. Schwartz, Clayton, for appellants.

Gunn & Gunn, Donald Gunn, Donald Gunn, Jr., James F. Gunn, St. Louis, for respondents.

TOWNSEND, Commissioner.

In October, 1958, relators brought their action against defendant Weathers, a constable of the Magistrate Court of the City of St. Louis, and his surety, upon his official bond, alleging that on or about March 1, 1958, Weathers made a false return of service of summons upon relators in an action brought against them by Household Finance Corporation, as a result of

which, without their knowledge, a final judgment was rendered against the relators in favor of Household Finance Corporation, which relators were compelled to pay. This action against the constable and his surety remained pending and undisposed of in the Circuit Court of the City of St. Louis until March 19, 1962, at which time it was dismissed without prejudice for failure to prosecute. Stating the same cause of action, the petition in the present action was filed on June 13, 1962.

On September 13, 1962, defendants filed their motion to dismiss for failure to state a claim upon which relief could be granted. The defendants' motion so to dismiss was granted on March 18, 1964. This appeal followed.

The issue is whether the one-year saving clause of the general statutes of limitations is applicable, or, in the alternative, whether the action is governed by a special statute of limitations and so outside the application of the saving clause.

Relators place their reliance upon the statute of limitations saving clause, which provides: "If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit * * * such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered * * *" (Section 516.230, RSMo 1959, V.A.M.S.). They maintain that an action upon the defendant's bond falls within the three-year statute of limitations set forth in Section 516.130, which covers

"(1) An action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, * * *

"(2) An action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state."

Section 63.160, RSMo 1959, V.A.M.S., relates to the commission, the oath and the bond of a constable of the magistrate court within any city of more than 600,000 inhabitants and concludes "For breach of any of the conditions of such bond suit may be brought as upon other penal bonds."

Accordingly, relators contend that the cause of action stated in Section 63.160 falls within the descriptive terminology of Section 516.130 above stated and consequently that an action against such a constable in which the plaintiff has been non-suited may be refiled at any time within one year after the non-suit.

By Section 516.300, RSMo 1959, V.A.M.S., it has been enacted that "The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute."

█ It has long since been held by this Court that a general statute of limitations which contains a saving clause has no applicability to an action brought under another statute defining a cause of action where the latter statute carries its own special period of limitation. State ex rel. O'-Malley v. Musick, 165 Mo.App. 214, 145 S.W. 1184; id. 145 Mo.App. 33, 130 S.W. 398. And it has been stated by the Supreme Court of Missouri that "* * * it has been held for many years that the provisions of Section 874 [present 516.230] do not apply to actions under statutes which carry their own special statutes of limitation." Turner v. M-K-T R. Co., 346 Mo. 28, 142 S.W.2d 455, 458, 129 A.L.R. 829.

Section 63.160 contains no statute of limitations. Hence, if we look only to the bare provisions of that section, we find nothing that would make the saving clause of 516.230 inapplicable.

To avoid that result the defendant invokes the doctrine of in pari materia and refers to Section 63.100, RSMo 1959, V.A.

M.S., which relates to constables of the magistrate court in a *county of the first class*. The latter section has its own built-in statute of limitations which provides that a suit upon the constable's bond in such a county "shall be instituted thereon within three years after the cause of action shall have accrued." In asserting the doctrine of in pari materia the defendant contends that the term "other penal bonds" found in Section 63.160 must be read in conjunction with Section 63.100; from this the conclusion is reached that the expressed three-year statute of limitations found in Section 63.100 applies to the suit referred to in Section 63.160. Indeed, defendant's brief states that " 'Other penal bonds' necessarily, by reason, means 'other constable bonds' ". Arguing that Sections 63.100 and 63.160 must be considered in pari materia defendant takes the position that there is no applicable saving statute to prevent the present action from being barred by the statute of limitations.

■ Whatever may be the full undulating ambit of the vague doctrine of in pari materia, it may be said at the outset that it is one of various aids which are employed in the attempt to discern legislative intent. And it may safely be assumed that it has relation only to statutes dealing with the same subject matter. In the present situation what are the subject-matters respectively of Sections 63.100 and 63.160?

A brief examination of the legislative history of Section 63.160 reveals that this section was part of an act dealing only with the election and duties of constables of magistrate courts in counties of the first class, which, with emergency clause, was approved February 9, 1946. (Laws, 1945, p. 826) This act specifically provides that "The provisions of this act shall apply only to counties within the first class as provided by law * * *."

Section 63.100 was part of an act of the Legislature relating to the organization of magistrate courts "lying wholly within any city of more than 600,000 inhabitants in any county of this state", which, with emergency clause, was approved April 16, 1946. (Laws 1945, p. 807)

Prior to the adoption of the Constitution of 1945 and the implementing legislation of 1946 there was a statute providing for actions on constables' bonds which carried its own three-year period of limitations (RSMo 1939, Section 13375). Although there were various population-based statutes relating to the organization and operation of Justice of the Peace courts (RSMo 1939, Sections 2752–2779, 2780–2809, 2811.1–2811.-7), *Section 13375 covered actions on all constables' bonds*. This pattern was not followed in the 1946 legislation. Although magistrate courts are generally dealt with on the population basis, one finds in the 1946 acts no single section giving a cause of action on a constable's bond and containing a period of limitation applicable to actions on *all* constables' bonds. In this respect, prior to 1946 there was no differentiation between classes of constables' bonds. After 1946 such a differentiation was established by the very terms of the acts herein considered. It would be difficult to maintain that this contrasting treatment of different classes of constables' bonds did not furnish compelling evidence of legislative intent.

■ The net effect, then, is that the Legislature has chosen to build in a special period of limitation in actions on the bonds of one category of constables and has chosen, in respect to the bonds of another category of constables, to leave the matter of limitations of actions to the general statute of limitations.

■ There is no ambiguity in either of the 1946 acts herein considered. The language of each is plain and clear. Hence, there is no occasion to resort to interpretative aids to determine the meaning of legislative language. Whether or not there

should be a treatment of one class of constables' bonds different from the treatment of another class is a question of policy which addresses itself to the Legislature and not to the courts.

To recapitulate: When we come to look at the legislation of 1946, we find that in one act the Legislature chose to legislate respecting the selection of constables in first-class counties; the subject matter of that act was *such constables* simpliciter. In another act the Legislature dealt with the broad subject of the organization of magistrate courts in cities of 600,000 population; in that act the reference to constables was a minor part. It can scarcely be said that in the two acts there was identity of subject matter.

Additionally, as noted above, the act, dealing only with constables, of which Section 63.160 was a part, provides that the provisions of such act shall apply only to counties of the first class. By such a limitation upon the application of that act, its operation in relation to all other constables is excluded.

We find that the doctrine of in pari materia is not applicable in the present situation. Accordingly, we must hold against defendant's contention that the one-year saving clause of Section 516.230 is inapplicable. We find that plaintiff's petition states a cause of action upon which relief could be granted.

It follows that the judgment of the Circuit Court should be reversed and the cause remanded for further proceedings.

PER CURIAM:

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, judgment is reversed and the cause remanded for further proceedings.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.